UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SOFIA SEPIELLI and
JON SEPIELLI as father and legal
Guardian of S.S., a minor,

    Plaintiffs,
vs.

UNITED OF OMAHA LIFE
INSURANCE COMPANY, a
Mutual of Omaha Company,

    Defendant.
_____)

## COMPLAINT

The Plaintiffs, SOFIA SEPIELLI ("SOFIA") and JON SEPIELLI as Father and Legal Guardian of S.S., a minor ("S.S."), by and through the undersigned counsel, hereby sue UNITED OF OMAHA LIFE INSURANCE COMPANY, a Mutual of Omaha Company ("UNITED") and allege:

### PRELIMINARY ALLEGATIONS

1. Defendant, UNITED, is a corporation with its principal place of business in the State of Nebraska, authorized to transact and regularly transacting business in the Southern District of Florida.

2. UNITED issued life insurance policy number 50AD3-645067-95M (the Policy) to Sarina Dosanjh Sepielli. Plaintiffs are the natural children of Sarina Dosanjh Sepielli and are insured dependents under the Policy for life insurance benefits of at least $500,000.00 for which premiums were paid. (The Policy is attached as Exhibit 1)

3.     Plaintiff, SOFIA, was at all times relevant a resident citizen of Broward County,

Florida and a beneficiary under the Policy.

4. Plaintiff, JON SEPIELLI, as Father and Legal Guardian of S.S., a minor, was at all times relevant a resident citizen of Broward County, Florida and S.S. was a beneficiary under the Policy.

5. All premiums under the Policy were timely paid.

6. Plaintiffs were the beneficiaries of the subject Life Insurance Policy.

7. The Policy became effective on June 2, 2021.

8. On December 12, 2021, Sarina Dosanjh Sepielli tragically died as the result of blunt force injuries sustained in an incident where she was struck by a vehicle.

9. On November 16, 2023, Plaintiffs timely completed the Accidental Death Claim Statement For Beneficiaries and provided a copy of Sarina Dosanjh Sepielli's death certificate as required by Defendant.

10. On December 18, 2023, the Physician's Statement For Accidental Death was timely completed and provided to Defendant as requested.

11. Plaintiffs timely provided any and all information and/or documentation requested by Defendant.

12. On February 21, 2024, Defendant denied Plaintiffs' claim stating as its basis for denial that "Sarina Dosanjh died as the result of blunt force injuries sustained after being struck by a motor vehicle on December 21, 2021. She was not inside a crosswalk and stepped into the path of a vehicle that struck her. The toxicology results contained in the Medical Examiner's report document that she had a blood alcohol content of 0.3, which is more than 2 and a half times the legal limit of 0.08." Defendant further stated "based on our review of the information received, benefits are not payable under exclusion (h) death resulting from an insured person's being

intoxicated (as determined and defined by the laws of the jurisdiction in which the loss or cause of loss occurred; for the purposes of this exclusion, the laws governing the operation of motor vehicles while intoxicated will apply). (A Copy of the Denial Letter is attached as Exhibit 2)

13. On July 31, 2024, Plaintiffs appealed Defendant's decision to deny the claim and, in doing so, emphasized proof that Sarina Dosanjh Sepielli's death was not the result of being intoxicated but rather was the result of blunt force trauma. Plaintiffs further emphasized that at the time of her death, Sarina Dosanjh Sepielli was not violating the laws of the jurisdiction where the death occurred and further emphasized that Sarina Dosanjh Sepielli was not operating a motor vehicle at the time of her death and therefore, was not violating the laws governing the operation of a motor vehicle while intoxicated at the time of her death.

14. On October 3, 2024, Defendant responded to Plaintiffs' appeal and indicated that "our previous decision to deny benefits for this claim under the intoxication exclusion is being upheld."

15. Defendant has wrongfully and unfairly denied Plaintiffs' claim for benefits, breached its contract, unreasonably breached its duty of good faith and fair dealing with the Plaintiffs and failed to timely pay policy benefits of at least $500,000.00 which were due and owed to Plaintiffs.

16. The Defendant's conclusion that the death resulted from the insured person being intoxicated is speculative, conclusory, incorrect and unreliable.

17. Sarina Dosanjh Sepielli's death was caused by blunt force trauma after being struck by a vehicle and not by alleged intoxication.

18. The Policy, as designed, developed and written by Defendant, is ambiguous and unclear.

19. The Policy does not properly define the phrase "resulting from" contained within the allegedly applicable "intoxication exclusion" which states that benefits will not be paid for death "resulting from an insured person's being intoxicated."

20. Defendant has the burden of showing a causal connection between the alleged intoxication and the incident resulting in Sarina Dosanjh Sepielli's death.

21. The language of the Policy is ambiguous and misleading and does not indicate or is not clear as to whether the insured's intoxication must be the sole cause, contributing cause or primary cause of the death.

22. Because the evidence does not show that the sole cause of the accident ending Sarina Dosanjh Sepielli's life was due to intoxication, Plaintiffs' claim should not be excluded due to alleged intoxication.

23. Ambiguous and/or misleading exclusions and/or language contained within the Policy must be construed against the Defendant, the insurer that drafted the policy.

24. Ambiguous and/or misleading exclusions and/or language contained within the Policy must be liberally construed in favor of the Plaintiffs and the Defendant shall have the burden of showing causal connection between the alleged intoxication and the death of Sarina Dosanjh Sepielli in order for the exclusion to be effective.

25. As a result of Defendant's ambiguous and/or misleading policy language as well as wrongful and unfair acts and conduct, the Plaintiffs have suffered the loss of policy benefits and have suffered consequential damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, SOFIA SEPIELLI and JON SEPIELLI as father and legal Guardian of S.S., a minor, pray for relief against Defendant, UNITED OF OMAHA LIFE

INSURANCE COMPANY, a Mutual of Omaha Company, as follows:

1. Payment of all applicable life insurance benefits owed to the Plaintiffs;

2. Payment of all costs and attorneys' fees incurred by Plaintiffs in pursuing this action;

3. Payment of prejudgment and post judgment interest to Plaintiffs;

4. Trial by Jury, and;

5. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL  33331
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Jason Macri*

Jason Macri, ESQUIRE
Florida Bar No: 0770361
Email: Jason@diattorney.com